E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorney
Riverside Branch
    3403 Tenth Street Suite 200
    Riverside, CA 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6237
    E-mail:   sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>JOHN MATHEW PIECUCH,<br><br>       Defendant. | ED CR No. 21-00179-JWH<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>JOHN MATHEW PIECUCH</u> |

    1.   This constitutes the plea agreement between JOHN MATHEW PIECUCH ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

       a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the

indictment in <u>United States v. Piecuch</u>, Case No. ED CR 21-00179-JWH, which charge defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Agree to and not oppose the imposition of a term of supervised release of no less than 20 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) with the following conditions of supervised release set forth in the "Appendix" to this Agreement.

      h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

      i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3      j.   Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

10  criminal debt shall be assessed based on the completed Financial

11  Disclosure Statement and all required supporting documents, as well

12  as other relevant information relating to ability to pay.

13      k.   Authorize the USAO to obtain a credit report upon

14  returning a signed copy of this plea agreement.

15      l.   Consent to the USAO inspecting and copying all of

16  defendant's financial documents and financial information held by the

17  United States Probation and Pretrial Services Office.

18   3.   Defendant further agrees:

19      a.   To forfeit all right, title, and interest in and to

20  any and all monies, properties, and/or assets of any kind, derived

21  from or acquired as a result of, or involved in the illegal activity

22  to which defendant is pleading guilty, specifically including, but

23  not limited to, the following:

24          i.   Black Western Digital External Hard Drive with

25  serial number WXE707062520 (301/1B7);

26          ii.  Black HP Envy Phoenix 810 PC Series Tower with

27  serial number MXX5100KYV (504/1B17); and

28

1          iii. Silver HP Laptop with serial number 5CD43040TB

2   (701/1B18) (the "Forfeitable Assets").

3          b.    To the Court's entry of an order of forfeiture at or

4   before sentencing with respect to the Forfeitable Assets and to the

5   forfeiture of the assets.

6          c.    To take whatever steps are necessary to pass to the

7   United States clear title to the Forfeitable Assets, including,

8   without limitation, the execution of a consent decree of forfeiture

9   and the completing of any other legal documents required for the

10  transfer of title to the United States.

11         d.    Not to contest any administrative forfeiture

12  proceedings or civil judicial proceedings commenced against the

13  Forfeitable Assets.  If defendant submitted a claim and/or petition

14  for remission for all or part of the Forfeitable Assets on behalf of

15  himself or any other individual or entity, defendant shall and hereby

16  does withdraw any such claims or petitions, and further agrees to

17  waive any right he may have to seek remission or mitigation of the

18  forfeiture of the Forfeitable Assets.

19         e.    Not to assist any other individual in any effort

20  falsely to contest the forfeiture of the Forfeitable Assets.

21         f.    Not to claim that reasonable cause to seize the

22  Forfeitable Assets was lacking.

23         g.    To prevent the transfer, sale, destruction, or loss of

24  any and all assets described above to the extent defendant has the

25  ability to do so.

26         h.    To fill out and deliver to the USAO a completed

27  financial statement listing defendant's assets on a form provided by

28  the USAO.

1          i.    That forfeiture of Forfeitable Assets shall not be

2    counted toward satisfaction of any special assessment, fine,

3    restitution, costs, or other penalty the Court may impose.

4                        THE USAO'S OBLIGATIONS

5        4.    The USAO agrees to:

6          a.    Not contest facts agreed to in this agreement.

7          b.    Abide by all agreements regarding sentencing contained

8    in this agreement.

9          c.    At the time of sentencing, move to dismiss the

10   remaining counts of the indictment as against defendant.  Defendant

11   agrees, however, that at the time of sentencing the Court may

12   consider any dismissed charges in determining the applicable

13   Sentencing Guidelines range, the propriety and extent of any

14   departure from that range, and the sentence to be imposed.

15         d.    At the time of sentencing, provided that defendant

16   demonstrates an acceptance of responsibility for the offense up to

17   and including the time of sentencing, recommend a two-level reduction

18   in the applicable Sentencing Guidelines offense level, pursuant to

19   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

20   additional one-level reduction if available under that section.

21         e.    Except for criminal tax violations (including

22   conspiracy to commit such violations chargeable under 18 U.S.C.

23   § 371), not further criminally prosecute defendant for violations of

24   18 U.S.C. §§ 2251(a)(Production of Child Pornography),

25   2422(b)(Enticement of a Minor), 2252A(a)(2)(A)(Receipt of Child

26   Pornography), and 2252A(a)(5)(B) (Possession of Child Pornography)

27   arising out of defendant's conduct described in the agreed-to factual

28   basis set forth in paragraph 15 below and for his conduct in

downloading, accessing, and possessing child pornography found on the Forfeitable Assets, which were seized on July 21, 2021.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 36 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.  In making its sentencing recommendation, and to argue against, respond to, and rebut any request or anticipated request by defendant for a sentence below the low end of the Sentencing Guidelines range for an Offense Level of 36 or higher, the United States may include aggravating information concerning (1) the nature and circumstances of the offenses and the history and characteristics of the defendant and (2) the need for the sentence imposed to (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C)

to protect the public from further crimes of the defendant, to promote respect for the law and to support the requested sentence.

NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), the following must be true:

a.   First, at the time of the offense, the victim was under the age of 18 years;

b.   Second, the defendant (1) employed, used, persuaded, induced, enticed, or coerced a victim to take part in sexually explicit conduct, or (2) had a victim assist any other person to engage in sexually explicit conduct, for the purposes of producing a visual depiction of such conduct; and

c.   Third, either:

i.   The defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce;

ii.   the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer; or

iii. the visual depiction was mailed or actually transported across state lines or in foreign commerce, or the visual depiction affected interstate commerce.

PENALTIES AND RESTITUTION

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), (e) is: 30 years' imprisonment; a lifetime

7

period of supervised release; a fine of $250,000 or twice the gross
gain or gross loss resulting from the offense, whichever is greatest;
and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum
sentence that the Court must impose for a violation of Title 18,
United States Code, Section 2251(a), (e) is: 15 years' imprisonment,
a five-year period of supervised release, and a mandatory special
assessment of $100.

8.   Defendant understands that defendant will be required to
pay full restitution to the victim(s) of the offense to which
defendant is pleading guilty.  Defendant agrees that, in return for
the USAO's compliance with its obligations under this agreement, the
Court may order restitution to persons other than the victim(s) of
the offense to which defendant is pleading guilty and in amounts
greater than those alleged in the count to which defendant is
pleading guilty.  In particular, defendant agrees that the Court may
order restitution to any victim of any of the following for any
losses suffered by that victim as a result: (a) any relevant conduct,
as defined in U.S.S.G. § 1B1.3, in connection with the offense to
which defendant is pleading guilty; and (b) charges not prosecuted
pursuant to this agreement as well as all relevant conduct, as
defined in U.S.S.G. § 1B1.3, in connection with those charges.
Defendant understands that, under the Amy, Vicky, and Andy Child
Pornography Victim Assistance Act of 2018, the Court shall impose a
restitution amount of not less than $3,000 per victim.  The parties
currently believe that the applicable amount of restitution is
approximately $100,000, but recognize and agree that this amount

1   could change based on facts that come to the attention of the parties
2   prior to sentencing.

3        9.   Defendant understands that, pursuant to the Justice for
4   Victims of Trafficking Act of 2015, the Court shall impose an
5   additional $5,000 special assessment if the Court concludes that
6   defendant is a non-indigent person, to be paid after defendant's
7   other financial obligations have been satisfied.

8        10.  Defendant understands that, pursuant to 18 U.S.C. § 2259A,
9   the Court may impose an additional special assessment of up to
10  $50,000.

11       11.  Defendant understands that supervised release is a period
12  of time following imprisonment during which defendant will be subject
13  to various restrictions and requirements.  Defendant understands that
14  if defendant violates one or more of the conditions of any supervised
15  release imposed, defendant may be returned to prison for all or part
16  of the term of supervised release authorized by statute for the
17  offense that resulted in the term of supervised release.

18       12.  Defendant understands that as a condition of supervised
19  release, under Title 18, United States Code, Section 3583(d),
20  defendant will be required to register as a sex offender.  Defendant
21  understands that independent of supervised release, he will be
22  subject to federal and state registration requirements, for a
23  possible maximum term of registration up to and including life.
24  Defendant further understands that, under Title 18, United States
25  Code, Section 4042(c), notice will be provided to certain law
26  enforcement agencies upon his release from confinement following
27  conviction.

28

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on hi immigration status.  Defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Sometime before January 9, 2021, defendant, a resident of Hemet, Riverside County, California, met 12-year-old Minor Victim 1, a resident of Maryland, over Roblox, an online game platform. Defendant pretended to be a minor boy himself online and told Minor Victim 1 that he was a 13-year-old boy.

On January 9, 2021, defendant and Minor Victim 1 communicated over iMessage, a messaging application for iPhones and other Apple digital devices.  During this conversation, defendant asked to see Minor Victim 1's "pussy" and to "spread it open wide as you can." Minor Victim 1 did send defendant several images of her genitalia as requested by defendant.

Defendant also told Minor Victim 1 that he wanted to see five-year-old Minor Victim 2's vagina and asked Minor Victim 1 to take and send him photos of Minor Victim 2's vagina, which Minor Victim 1 did. Defendant also encouraged Minor Victim to "lick" Minor Victim 2 and asked Minor Victim 1 to send more photos of Minor Victim 1 and of

Minor Victim 2 to defendant.

On January 9, 2021, defendant did employ, use, persuade, induce and enticed 12-year-old Minor Victim 1 to engage in sexually explicit conduct, specifically, lewd and lascivious depiction of her genitalia, and had Minor Victim 1 assist five-year-old Minor Victim 2 engage in sexually explicit conduct, specifically, lewd and lascivious depiction of her genitalia, knowing that such visual depiction would be transported and transmitted using any means and facility of interstate commerce, such as digital devices, iMessage, and internet, and was transported across state lines and affected interstate commerce, as defendant directed and received child pornography from Minor Victim 1, a resident of Maryland.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | [U.S.S.G. § 2G2.1] |
| Prepubescent/Less than 12 | +4 | [U.S.S.G. § 2G2.1(b)(1)(A)] |
| Misrepresentation/Computer: | +2 | [U.S.S.G. § 2G2.1(b)(6)] |
| Other Victim: | +1 | [U.S.S.G. § 2G2.1(d)(1)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.   Pursuant to U.S.S.G. § 1B1.2(c), the parties stipulate that for purposes of the Guidelines calculations, counts one and three, as well as uncharged conduct described in the Factual Basis above, shall be treated as if the defendant has been convicted of additional counts charging those offenses.  Specifically, the parties agree that the provisions of U.S.S.G. § 2G2.1(d)(1) are applicable to conduct involving Minor Victim 1.

20.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.   Defendant understands that by pleading guilty, defendant gives up the following rights:

13

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF VENUE</u>

22.    Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offense to which defendant is pleading guilty, to the extent the offense to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up:

(a) any right that defendant might have to be prosecuted only in the district where the offense to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offense to which defendant is pleading guilty.

### WAIVER OF RETURN OF DIGITAL DATA

23.  Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

24.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

25.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 235 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any

portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $100,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above and in the "Appendix" to this Agreement.

26. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 188 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: (a) the amount of restitution ordered if that amount is less than $3,000 per victim.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

16

obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

28.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

29.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

30.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

31.    Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

## OFFICE NOT PARTIES

32.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

35.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

36.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Sonah Lee*                                          7/23/2024
_____          _____
SONAH LEE                                              Date
Assistant United States Attorney

_____          _____
JOHN MATHEW PIECUCH                            Date      7/22/24
Defendant

_____          _____
DIANE C. BASS                                         Date      7/22/24
Attorney for Defendant JOHN MATHEW
PIECUCH

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

1  contained in this agreement.  No one has threatened or forced me in

2  any way to enter into this agreement.  I am satisfied with the

3  representation of my attorney in this matter, and I am pleading

4  guilty because I am guilty of the charge and wish to take advantage

5  of the promises set forth in this agreement, and not for any other

6  reason.

7

8  _____          ____7/22/24____

   JOHN MATHEW PIECUCH                      Date

9  Defendant

10                CERTIFICATION OF DEFENDANT'S ATTORNEY

11      I am JOHN MATHEW PIECUCH's attorney.  I have carefully and

12  thoroughly discussed every part of this agreement with my client.

13  Further, I have fully advised my client of his rights, of possible

14  pretrial motions that might be filed, of possible defenses that might

15  be asserted either prior to or at trial, of the sentencing factors

16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

17  provisions, and of the consequences of entering into this agreement.

18  To my knowledge: no promises, inducements, or representations of any

19  kind have been made to my client other than those contained in this

20  agreement; no one has threatened or forced my client in any way to

21  enter into this agreement; my client's decision to enter into this

22  agreement is an informed and voluntary one; and the factual basis set

23  forth in this agreement is sufficient to support my client's entry of

24  a guilty plea pursuant to this agreement.

25

26  _____          ____7/22/24____

   DIANE C. BASS                            Date

   Attorney for Defendant JOHN MATHEW

27  PIECUCH

28

                                  22

APPENDIX

Sex Offender Supervised Release Conditions

1.    Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the defendant's jurisdiction of residence. The defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

2.    The defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  The defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

3.    As directed by the Probation Officer, the defendant shall pay all or part of the costs of psychological counseling or

psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

4.   The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2).  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit the defendant from possessing materials prepared and used for the purposes of the defendant's Court-mandated sex offender treatment, when the defendant's treatment provider or the probation officer has approved of the defendant's possession of the material in advance.

5.   The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall the defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

6.   The defendant shall not contact the victim(s), or family members of victims, by any means, including in person, by mail or electronic means, or via third parties.  Further, the defendant shall remain at least 100 yards from the victim(s) at all times.  If any contact occurs, the defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

7.   The defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth

centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the probation officer.

8.   The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of the defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom the defendant must interact with in order to obtain ordinary and usual commercial services.

9.   The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes the defendant to regularly contact persons under the age of 18.

10.   The defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

11.   The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer.  The defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any scheduled change.

12.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers,

video arcade facilities, or other places primarily used by persons under the age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer.  Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

13.  The defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under the defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

14.  The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

15.  Upon release from custody, the defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer.  The offender shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if the offender is a risk for sexual

re-offending, in need of additional conditions of supervision and sex offender specific treatment.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the evaluation to the aftercare contractor during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

16.  The defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess the defendant's risk to the community as a sex offender.  The evaluation may include physiological testing, such as polygraph and Abel testing.  The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider.  As directed by the Probation Officer, the defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision.  The defendant shall provide payment and proof of payment as directed by the Probation Officer.  If the defendant has no ability to pay, no payment shall be required.

17.  The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device

that can access, view, obtain, store, or transmit visual depictions
of sexually explicit conduct involving children.

    18.  All computers, computer-related devices, and their
peripheral equipment, used by the defendant shall be subject to
search, seizure and computer monitoring.  This shall not apply to
items used at the employment site that are maintained and monitored
by the employer.

    19.  The defendant shall comply with the rules and regulations
of the Computer Monitoring Program.  The defendant shall pay the cost
of the Computer Monitoring Program.