Diane C. Bass, State Bar Number 155670
Law Office of Diane C. Bass
5440 Trabuco Road
Irvine, California 92620
Telephone: 949-494-7011
Email: diane@dbasslaw.com

Attorney for Defendant
JOHN MATHEW PIECUCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN MATHEW PIECUCH,<br><br>        Defendant | Case No.: 5:21-CR-179-JWH<br><br>DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORS<br><br>HEARING DATE: 1/31/25<br>HEARING TIME: 2:00 P.M. |

JOHN MATHEW PIECUCH, by and through his attorney of record, Diane C. Bass, hereby submits this position in support of a sentence of 188 months of imprisonment to be followed by a term of supervised release as the appropriate sentence in this case for all of the reasons set forth herein.

This memorandum is based on the attached memorandum and supporting exhibits, the files and records in this case including, the Pre-Sentence Report and any argument that the court may allow.

Dated: January 17, 2025          Respectfully Submitted,


_____
Diane C. Bass
Attorney for Defendant
JOHN MATHEW PIECUCH

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The conduct in this case is disturbing and egregious. There is no argument from the defense on that point. Mr. Piecuch is aware of the inexcusable nature of his actions and has expressed deep remorse. He knows that he cannot un-do the harm he has caused and for that he will carry this shame and remorse to his grave.

In mitigation, Mr. Piecuch is a 64-year-old man who is not in great health, facing a 15-year mandatory minimum sentence. That is tantamount to a life sentence in this case. Mr. Piecuch had a devastating childhood and upbringing. He was abandoned by his mother at the age of four and lost his father in a vehicle crash when he was nine. His father was his hero.  He was bounced around for years after his father's death and treated like a nuisance.

He is in constant pain, which is exacerbated by his living conditions. This will not likely improve.

### II.    APPLICATION OF THE SENTENCING GUIDELINES

The defense agrees with the government's position regarding the sentencing guidelines range in this case as well as its reasoning. We also disagree with the probation office's

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 3

interpretation of the guidelines and ask the court to impose the agreed upon sentence in this case.

## III. APPLICATION OF THE MITIGATING STATUTORY FACTORS

Under 18 U.S.C. § 3553(a), a sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in the second paragraph of the statute. In undertaking its analysis, the Court considers the advisory sentencing range recommended by the Guidelines and any relevant Guideline policy statements, as well as other traditional sentencing factors, such as:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

(3) to afford adequate deterrence to criminal conduct;

(4) to protect the public from further crimes of the defendant;

(6) the need to avoid unwarranted disparities among similar offenders; and,

(7) the need to provide restitution to victims.

## 1. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 4

These factors are addressed in detail in MR. PIECUCH's letter to the court, the psychological evaluation and should be incorporated herein by reference as *Exhibits "A' and "B".*

As stated above and as addressed in the PSR, Mr. Piecuch had a devastating childhood. See *PSR ¶¶ 154-162.*

The psychologist who conducted the evaluation on Mr. Piecuch concludes that this behavior was an anomaly. He does not have a pedophilic disorder, nor does he even have a diagnosable level of obsessive-compulsive disorder. *See Exhibit "B."*

Leading up to and at the time of the instant conduct, which occurred during the covid epidemic, Mr. Piecuch's wife became extremely ill. He describes this ordeal in great detail in his letter to the court. His wife was unable to move and was down to 80 pounds. After weeks in the hospital, where he could not see her due to covid, he cared for her for months. He reports not sleeping more than 20 or 30 minutes at a time. She was on "extremely high dosages of steroids that caused her to be angry and even combative." He had to lift her to take her to the bathroom, bath, dress, sit up, etc. He assisted her with physical therapy exercises. This further exacerbated his already injured back.

While this is not an excuse for his conduct, it sets the context in which the conduct occurred. Mr. Piecuch was

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 5

experiencing, yet another, extremely stressful and exhausting period of his life. Anyone who has cared for a loved one who is ill, understands how debilitating it can be. This particular instance was extraordinarily difficult.

Mr. Piecuch worries about his wife constantly, wondering how she is going to survive without him. The fact that he has left her alone has destroyed him.

**2. THE NEED FOR THE SENTENCE TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO PROMOSE RESPECT FOR THE LAW AND PROVIDE JUST PUNISHMENT FOR THE OFFENSE;**

A sentence of 188 months is sufficient but not more than necessary to satisfy these purposes.

**3. TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT**

The empirical evidence is unanimous that there is no relationship between sentence length and general or specific deterrence, regardless of the type of crime. See Andrew von Hirsch et al., Criminal Deterrence and Sentence Severity: An Analysis of Recent Research (1999) (concluding that "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects"); Michael Tonry, Purposes and

Functions of Sentencing, 34 Crime and Justice: A Review of Research 28- 29 (2006) ("[I]ncreases in severity of punishments do not yield significant (if any) marginal deterrent effects. . . . Three National Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence."); David Weisburd et al., Specific Deterrence in a Sample of Offenders Convicted of White-Collar Crimes, 33 Criminology 587 (1995) (finding no difference in deterrence for white collar offenders between probation and imprisonment); Donald P. Green & Daniel Winik, Using Random Judge Assignments to Estimate the Effects of Incarceration and Probation on Recidivism among Drug Offenders, 48 Criminology 357 (2010) (study of over a thousand offenders whose sentences varied substantially in prison time and probation found that such variations "have no detectable effect on rates of re-arrest," and that "[t]hose assigned by chance to receive prison time and their counterparts who received no prison time were re-arrested at similar rates over a four-year time frame").

The Sentencing Commission has found that "[t]here is no correlation between recidivism and guidelines' offense level… While surprising at first glance, this finding should be expected. The guidelines' offense level is not intended or

designed to predict recidivism." U.S. Sent'g Comm'n, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines*, at 15 (2004) ["U.S. Sent'g Comm'n, Measuring Recidivism"]. See also Part IV.A.3, *infra*. And according to "the best available evidence, . . . prisons do not reduce recidivism more than noncustodial sanctions." Francis T. Cullen et al., *Prisons Do Not Reduce Recidivism: The High Cost of Ignoring Science*, 91 Prison J. 48S, 50S-51S (2011).

For certain types of offenses, there are additional reasons that severity does not deter. "[S]erious sexual and violent crimes are generally committed under circumstances of extreme emotion, often exacerbated by the influence of alcohol or drugs." Tonry, *Purposes and Functions of Sentencing*, *supra*. "[F]or many crimes including drug trafficking, prostitution, and much gang-related activity, removing individual offenders does not alter the structural circumstances conducing to the crime." *Id*. Drug crimes are "uniquely insensitive to the deterrent effects of sanctions," because, as many studies of drug marketing have shown, "[m]arket niches created by the arrest of dealers are often filled within hours." *See* Michael Tonry, *The Mostly Unintended Effects of Mandatory Penalties: Two Centuries of Consistent Findings*, 38 Crime and Justice: A Review of Research 102 (2009). "[C]riminologists and law enforcement

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 8

officials testifying before the Commission have noted that retail-level drug traffickers are readily replaced by new drug sellers so long as the demand for a drug remains high.

The same is true of the conduct at issue here. MR. PIECUCH's term of imprisonment will have absolutely no deterrent effect on someone who is inclined to view such material or on those who continue to produce and distribute it.

**4. THE NEED TO PROVIDE RESTITUTUION**

The longer MR. PIECUCH is incarcerated. It is unknown how or when he will be able to make payments towards restitution.

**5. TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT**

The psychological evaluation states that based on actuarial instruments alone, Mr. Piecuch does not pose a high risk for recidivism. *See Exhibit "B" pages 14-17.*

MR. PIECUCH will be a registered sex offender for life, if he survives his prison sentence. He will be in late 70's when he is released from prison making the likelihood of recidivism extremely unlikely.

Although registration is not intended as punishment, it is the most punitive aspect of any sentence in this type of case as it limits and restricts every act and choice he will make for the rest of his life. MR. PIECUCH's registration will be made

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 9

public to his entire community, his friends and neighbors. As several courts have recognized, collateral consequences of conviction, such as registration as a sex offender, are relevant to the "need" for the sentence imposed to reflect just punishment. *See, e.g., United States v. Garate, 543 F.3d 1026, 1028 (8th Cir. 2008)* (on remand from the Supreme Court for reconsideration in light of Gall, overruling its prior holding that it was inappropriate for the district court to consider the lasting effects of being required to register as a sex offender); *United States v. Pauley, 511 F.3d 468, 474-75 (4th Cir. 2007)* (in a case involving a conviction for possession of child pornography after Gall, affirming the district court's finding that the defendant "warranted a lower sentence because he lost his teaching certificate and his state pension as a result of his conduct," because "[c]onsideration of these facts is consistent with § 3553(a)'s directive that the sentence reflect the need for just punishment," id. § 3553(a)(2)(A), and "adequate deterrence," id. § 3553(a)(2)(B)); *United States v. Gardellini, 545 F.3d 1089 (D.C. Cir. 2008)* (affirming below-guideline sentence based in part on court's findings that defendant suffered substantial mental and personal stress as a result of his prosecution, because the court's findings "were directly relevant to the § 3553(a) analysis, which requires

DEFENDANT JOHN MATHEW PIECUCH'S POSITION RE: SENTENCING FACTORSHEARING DATE: 1/31/25HEARING TIME: 2:00 P.M. - 10

sentences to reflect, among other things, "the history and characteristics of the defendant," the need to "protect the public from further crimes of the defendant," the need to "provide just punishment for the offense," and the need to "afford adequate deterrence").

**VII. CONCLUSION**

For the reasons set forth herein, it is requested that the court sentence MR. PIECUCH to a term of imprisonment of 188 months to be followed by a term of supervision as reasonable and sufficient to satisfy the purposes of sentencing.

Dated: January 17, 2025        Respectfully submitted,

_____
Diane C. Bass
Attorney for Defendant
JOHN MATHEW PIECUCH